# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **C.M.,** *a minor, by and through his parent and natural guardian,* **MATT MCMILLEN, MATT MCMILLEN** *in his own right,* **MELODY MCMILLEN, and JAMEY MCMILLEN,** | ) ) ) ) ) ) | **CIVIL ACTION NO. 3:23-cv-00119** |
| **Plaintiffs,** | ) ) | **JUDGE KIM R. GIBSON** |
| **v.** | ) ) | |
| **AMERICAN HONDA MOTOR CO.,** | ) ) | |
| **Defendant,** | ) ) | |
| **v.** | ) ) | |
| **DAWN MARIE ELENSKY and HARRY C. FISHER** | ) ) ) ) | |
| **Third Party Defendants.** | ) ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendants American Honda Motor Co., Inc. ("Honda") and Honda Development & Manufacturing of America, LLC's ("HDMA") (collectively, "Defendants") Motion to "Dismiss Plaintiffs' Complaint In Part Pursuant to F.R.C.P. 12(b)(6)[.]" (ECF No. 8). Plaintiffs C.M., Matt McMillen, Melody McMillen, and Jamey McMillen (collectively, "Plaintiffs"), have responded in opposition to Defendants' Motion, so the matter is fully briefed and ripe for disposition. (ECF Nos. 12, 13). For the following reasons, the Court **DENIES** Defendants' Motion.

## I.      Jurisdiction and Venue

The Court has subject-matter jurisdiction over this dispute under 28 U.S.C. § 1332. On the one hand, Plaintiffs are all citizens of Pennsylvania, where they are domiciled. (ECF No. 1 ¶¶ 12–13, 15–16); *see also Vaughn v. Vaughn*, 674 F. App'x 145, 146 n.2 (3d Cir. 2017) ("Citizenship and domicile are synonymous terms for purposes of diversity jurisdiction."). On the other hand, Honda is a citizen of California. (ECF No. 1 ¶ 20); *see also GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (noting that the "citizenship of a corporation is both its state of incorporation and its principal place of business").[1] Thus, there is complete diversity among the parties. Additionally, the amount in controversy exceeds $75,000. (ECF No. 1 ¶ 2) (*see also id.* at 26).

Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in the Western District of Pennsylvania.

## II.     Background

### A.     Factual Background

The following facts are drawn from Plaintiffs' Complaint. (ECF No. 1). The Court construes the Complaint in the light most favorable to Plaintiffs and takes the factual allegations therein as true, as it must in ruling on a motion to dismiss.

The "product" at the heart of this litigation is a 2011 Honda Fit automobile (the "subject vehicle"), which Melody McMillen purchased "some time prior" to the events undergirding this

---

[1] As the Court will further explain in text, HDMA is no longer a party to this litigation, due to the parties filing a Stipulation of Dismissal Without Prejudice, (ECF No. 14), and the Court entering an Order effectuating the stipulation and dismissing HDMA from the case. (ECF No. 15). In any event, for the purposes of diversity jurisdiction prior to HDMA's dismissal, the Court was given no indication that any of HDMA's members were citizens of Pennsylvania such that complete diversity did not exist.

case. (*Id.* ¶¶ 52, 55). Melody McMillen purchased the subject vehicle from a Honda-affiliated dealership. (*Id.* ¶ 53, 56).

On March 6, 2019, shortly after 5:00 P.M., Jamey McMillen was operating the subject vehicle on Birmingham Pike in Pennsylvania. (*Id.* ¶ 60). Melody McMillen was a front seat passenger in the subject vehicle, and C.M., a minor, was seated in a secured child's car seat directly behind Melody McMillen. (*Id.* ¶ 63–64). The subject vehicle slowed in order to navigate a turn when it was struck from the rear by a Chevrolet Uplander. (*Id.* ¶ 65).

Upon collision, the seat back of Melody McMillen's seat failed and collapsed rearward, violently colliding with C.M. (*Id.* ¶ 66–67). C.M. suffered severe injuries as a result, including but not limited to, acute head trauma, severe traumatic brain injury, and traumatic epidural hematoma. (*Id.* ¶¶ 113(a), 113(b), 113(d)). These injuries to C.M. necessitated "extensive medical treatment and care[.]" (*Id.* ¶ 114(a)). Melody McMillen also sustained injuries including, but not limited to, acute head trauma, a concussion, and acute blood loss anemia. (*Id.* ¶¶ 195(a), 195(b), 195(j)).

The Complaint states that Plaintiffs together suffered injuries and damages "including conscious pain, suffering, and fear, disability, permanent disfigurement and/or scarring, a loss of the enjoyments of life, a loss of life's pleasures, lost wages, lost earning capacity, and medical expenses." (*Id.* ¶ 86). Plaintiffs generally allege that these injuries were caused by the subject vehicle's "defective conditions, [which] rendered it unreasonably dangerous[.]" (*Id.* ¶ 82).

**B.     Procedural Background**

On June 7, 2023, Plaintiffs filed their Complaint against Defendants in the United States District Court for the Western District of Pennsylvania. (ECF No. 1). Plaintiffs' Complaint asserts a total of eighteen Counts against Defendants, as follows:

1. A "Negligence, Recklessness, Willful and/or Wanton Conduct" claim brought by C.M., through Matt McMillen, asserted against Honda at Count I, (*see id.* ¶¶ 91–115);

2. A Strict Liability claim brought by C.M., through Matt McMillen, asserted against Honda at Count II, (*see id.* ¶¶ 116–34);

3. A Breach of Warranty claim brought by C.M., through Matt McMillen, asserted against Honda at Count III, (*see id.* ¶¶ 135–40);

4. An untitled claim alleging that Matt McMillen "incurred medical bills and/or sustained liens on behalf of" C.M. due to Honda's actions, asserted by Matt McMillen against Honda at Count IV, (*see id.* ¶¶ 141–42);

5. A "Negligence, Recklessness, Willful and/or Wanton Conduct" claim brought by C.M., through Matt McMillen, asserted against HDMA at Count V, (*see id.* ¶¶ 143–64);

6. A Strict Liability claim brought by C.M., through Matt McMillen, asserted against HDMA at Count VI, (*see id.* ¶¶ 165–83);

7. A Breach of Warranty Claim brought by C.M., through Matt McMillen, asserted against HDMA at Count VII, (*see id.* ¶¶ 184–89);

8. An untitled claim alleging that Matt McMillen "incurred medical bills and/or sustained liens on behalf of" C.M. due to HDMA's actions, asserted by Matt McMillen against HDMA at Count VIII, (*see id.* ¶¶ 190–91);

9. A "Negligence, Recklessness, Willful and/or Wanton Conduct" claim, brought by Melody McMillen asserted against Honda at Count IX, (*see id.* ¶¶ 192–97);

10. A Strict Liability claim brought by Melody McMillen asserted against Honda at Count X, (*see id.* ¶¶ 198–206);

11. A Breach of Warranty claim brought by Melody McMillen asserted against Honda at Count XI, (*see id.* ¶¶ 207–12);

12. A Loss of Consortium claim brought by Jamey McMillen asserted against Honda at Count XII, (*see id.* ¶¶ 213–14);

13. A "Negligence, Recklessness, Willful and/or Wanton Conduct" claim brought by Melody McMillen asserted against HDMA at Count XIII, (*see id.* ¶¶ 215–19);

14. A Strict Liability claim brought by Melody McMillen asserted against HDMA at Count XIV, (*see id.* ¶¶ 220–28);

15. A Breach of Warranty claim brought by Melody McMillen asserted against HDMA at Count XV, (*see id.* ¶¶ 229–34);

16. A Loss of Consortium claim brought by Jamey McMillen asserted against HDMA at Count XVI, (*see id.* ¶¶ 235–36);

17. A Negligent Infliction of Emotional Distress claim brought by Melody McMillen and Jamey McMillen asserted against Honda at Count XVII, (*see id.* ¶¶ 237–44); and

18. A Negligent Infliction of Emotional Distress claim brought by Melody McMillen and Jamey McMillen asserted against HDMA at Count XVIII, (*see id.* ¶¶ 245–52).

On July 28, 2023, Defendants filed their Motion "to Dismiss Plaintiffs' Complaint in Part Pursuant to F.R.C.P. 12(b)(6)[.]" (ECF No. 8). Defendants' Motion consists of three operative requests. First, Defendants "move for dismissal of all allegations of recklessness contained in Plaintiffs' Complaint[.]" (*Id.* ¶ 1). Second, Defendants move to dismiss Plaintiffs' claims for punitive damages. (*Id.* at 9). And third, Defendants move for dismissal of the "nonspecific and insufficient allegations contained in Plaintiffs' Complaint at paragraphs 93(o), (p), (u), (v), (aa), (ac), (ae) and 146(o), (p), (u), (v), (aa), (ac), [and] (ah)[.]" (*Id.* ¶ 2).

Plaintiffs filed their "Response in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint In Part Pursuant to Rule 12(b)(6)[,]" along with a brief in support, on August 11, 2023. (ECF Nos. 12, 13).

Six days later, On August 17, 2023, the parties filed a "Joint Stipulation of Dismissal Without Prejudice[,]" stipulating that HDMA "is to be dismissed from this litigation, without prejudice[.]" (ECF No. 14). The Court entered an Order effectuating the parties' stipulation and dismissing HDMA from the case the following day. (ECF No. 15). Accordingly, HDMA was

terminated as a Defendant on August 18, 2023, and is no longer a party to this case.[2] The Court will therefore refer to Honda throughout the remainder of its Opinion, as Honda is now the sole Defendant moving for dismissal.

### III.   Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[3] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("[M]ere restatements of the elements of [a] claim . . . are not entitled to the assumption of truth.") (citation omitted).

---

[2] The Court notes that, although it is immaterial to the present pending Motion, Honda filed a Third-Party Complaint naming Dawn Marie Elensky and Harry C. Fisher as Third-Party Defendants on December 5, 2023, which is reflected in the caption of this Opinion. (ECF No. 26).

[3] Although *Iqbal* described the process as a "two-pronged approach," *Iqbal*, 556 U.S. at 679, the Supreme Court noted the elements of the pertinent claim before proceeding with that approach. *See id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

Third, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV.    Discussion

### A.    Honda's Request to Dismiss All Allegations of Recklessness from Plaintiffs' Complaint

The Court's subject-matter jurisdiction in this case comes by way of diversity jurisdiction, (ECF No. 1 ¶¶ 1–2), and "[f]ederal courts sitting in diversity apply the substantive law of the state whose law governs the action." *Feingold v. Liberty Mut. Grp.*, 562 F. App'x 142, 144 (3d Cir. 2014) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Accordingly, the analysis that follows finds its substantive basis in Pennsylvania law.[4]

The Court begins by stressing that Honda, in its Motion, does not target any particular Count asserted against it in Plaintiffs' eighteen-Count Complaint. (*See generally* ECF No. 8). Instead, Honda first broadly requests that the Court dismiss "all allegations of recklessness" contained in the Complaint. (*Id.* ¶ 1).

---

[4] The Court agrees with the parties that Pennsylvania law governs this action. (*See generally* ECF Nos. 8, 13); *see also Cipolla v. Shaposka*, 267 A.2d 854, 861 (Pa. 1970) (explaining that where a car accident occurs in Pennsylvania, Pennsylvania law applies).

Honda argues that Plaintiffs' recklessness allegations are "conclusory, unfounded and unsupported by any factual basis[.]" (*Id.* at 8). By Honda's telling, these allegations "do not state a plausible claim of recklessness in accordance with Pennsylvania law, but amount to no more than the standard for a negligence claim." (*Id.* at 8–9). Plaintiffs counter that they have adequately pled recklessness because their Complaint alleges that Honda was aware of a significant risk posed to consumers by its allegedly defective vehicles but nonetheless continued to sell those vehicles knowing they were dangerous and defective. (ECF No. 13 at 10).

Generally speaking, Honda's argument that Plaintiffs' allegations amount only to negligence does comport with Pennsylvania's treatment of negligence claims and allegations of recklessness. "Pennsylvania courts have long held that allegations of recklessness and similar allegations of the degrees of negligence as asserted by the plaintiffs do not give rise to a separate tort claim under Pennsylvania law." *White v. Trybala*, No. 3:19-CV-14, 2019 WL 2119982, at *5–6 (M.D. Pa. May 15, 2019) (granting the defendant's motion to dismiss the plaintiffs' independent claims of reckless, outrageous, and or/wanton conduct "[b]ecause the plaintiffs ha[d] already raised negligence claims" elsewhere in their complaint). Put differently, "[i]n Pennsylvania tort law, recklessness is subsumed by and sounds in negligence." *Seber v. Kline*, No. CI-20-03109, 2020 Pa. Dist. & Cnty. Dec. LEXIS 4109, at *2 (Lancaster Cnty. Ct. of Common Pleas July 1, 2020); *see also Archibald v. Kemble*, 971 A.2d 513, 519 (Pa. Super. Ct. 2009) (explaining that the trial judge "erred in concluding that [the plaintiff's] cause of action [a recklessness claim] was not subsumed within the negligence count pled in their Complaint").

It is clear then, as indicated by Plaintiffs' Complaint itself, that the two claims against Honda that explicitly invoke recklessness—both entitled "Negligence, Recklessness, Willful

and/or Wanton Conduct[,]" (ECF No. 1 at 14, 40)—are, at bottom, negligence claims that simply incorporate allegations of reckless conduct. This poses a problem for Honda's attempt to "dismiss" solely the allegations of recklessness throughout Plaintiffs' Complaint, as opposed to moving to dismiss the negligence claims (or any other claim) asserted against it wholesale.

In *Palmer v. Graham*, for example, the plaintiff asserted a negligence claim against the defendant, and the defendant sought "to dismiss any allegation of recklessness" throughout the complaint. No. 1:21-CV-01630, 2022 U.S. Dist. LEXIS 246116, at *6 (M.D. Pa. Aug. 2, 2022). But as the court noted: "'[r]eckless conduct is the factual characterization of the events that took place giving rise to the negligence action; it is not a claim in itself that the court can dismiss.'" *Id.* (quoting *Austin v. Nugent*, No. 3:16-CV-1567, 2016 WL 7048994, at *19 (M.D. Pa. Dec. 5, 2016)). Undertaking no further analysis, the *Palmer* court denied the defendant's request to dismiss allegations of recklessness throughout the complaint. *Id.*; *see also Castelli-Velez v. Moroney*, No. 3:20-CV-00976, 2021 WL 978814, at *8 (M.D. Pa. Mar. 16, 2021) (denying the defendant's "request to dismiss the allegations of recklessness in the complaint" because those allegations did not constitute a claim that courts can dismiss); *Wolking v. Linder*, No. 3:23-CV-806, 2024 WL 84206, at *13 (M.D. Pa. Jan. 8, 2024) (finding that "Plaintiffs' allegations that Defendants acted with 'recklessness, wantonness, outrageous[ness], and carelessness,'" was "not a 'claim' subject to dismissal").

Therefore, because Plaintiffs' allegations of recklessness are not stand-alone claims under Pennsylvania law that are subject to dismissal under Rule 12(b)(6), but are instead factual allegations that inform Plaintiffs' claims throughout the Complaint, the Court finds that Honda's

Motion to Dismiss those allegations is improper. The Court will accordingly deny Honda's Motion to Dismiss the allegations of recklessness contained in Plaintiffs' Complaint.

**B.    Honda's Request to Dismiss Plaintiffs' Punitive Damages Claims**

Based on a fair reading of Honda's Motion to Dismiss, it appears that its request that the Court dismiss any allegations of recklessness in Plaintiffs' Complaint is made with an eye towards Plaintiffs' request for punitive damages.[5] (*See* ECF No. 8 ¶ 1) ("Honda moves for dismissal of all allegations of recklessness contained in Plaintiffs' Complaint as the Complaint does not allege sufficient facts establishing any claim of reckless conduct so as to warrant an eventual claim for punitive damages."). Plaintiffs request punitive damages under each Count of their Complaint. (*See* ECF No. 1 at 26, 28, 29, 30, 36, 39, 40, 43, 44, 45, 46, 48, 49, 51, 52).

Honda argues that "Plaintiffs' allegations fail to describe with sufficient specificity any conduct that would rise to the level of malice required to recover punitive damages under Pennsylvania law." (ECF No. 8 at 9). "Because Plaintiffs lack any allegations of specific behavior by Honda sufficient to support a punitive damages claim," the argument goes, "dismissal of Plaintiffs' punitive damages claim[s] with prejudice is warranted." (*Id.* at 9–10).

Plaintiffs counter that "'[a] request for punitive damages does not constitute a cause of action in and of itself,' and instead is 'merely incidental to a cause of action.'" (ECF No. 13 at 11) (quoting *Grimm v. Grimm*, 149 A.3d 77, 90 (Pa. Super. Ct. 2016)); (*see also id.* at 14) ("At best, Defendants' request [to dismiss claims for punitive damages] is premature."). Nonetheless,

---

[5] The Court notes that it analyzes Honda's Motion in three parts primarily because Honda's brief in support of its Motion is organized under three sub-headings requesting that the Court dismiss (1) allegations of recklessness, (2) allegations of punitive damages, and (3) the fourteen specific paragraphs of Plaintiffs' Complaint identified in text. (*See* ECF No. 8 at 8–11).

Plaintiffs argue that they "specifically allege, and the evidence will ultimately prove, that Defendants knew of the defective condition of their seat backs and knew that they were improperly designed and/or constructed." (*Id.* at 13).

Under Pennsylvania law, an "[a]ssessment of punitive damages [is] proper when a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct[.]" *SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991). The Pennsylvania Supreme Court, in *Feld v. Merriam*, 485 A.2d 742 (1984), also adopted Section 908(2) of the Restatement (Second) of Torts, which states that:

> Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant.

Restatement (Second) of Torts § 908(2) (1965).

At the outset, the Court agrees with Plaintiffs' argument that Honda's request that the Court dismiss Plaintiffs' punitive damages claims at this stage of the litigation is "premature." (ECF No. 13 at 14). Courts in this circuit have routinely found that, because whether punitive damages are appropriate involves factual determinations that are best made with the benefit of discovery, dismissing punitive damages claims on a 12(b)(6) motion is premature. *See, e.g., Castelli-Vellez*, 2021 WL 978814 at *11 ("Indeed, it would be premature to delve into the factual determinations required for an award of punitive damages at the motion to dismiss stage."); *Tucker v. Horn*, No. 4:16-cv-0071, 2016 WL 4679018, at *2 (M.D. Pa. Sept. 7, 206) ("This Court has consistently held that it is premature to dismiss demands [for] punitive damages prior to discovery; the motion to dismiss will therefore be denied."); *Graziosi v. Truck*, No. 10-cv-1952, 2011

WL 13381372, at *10 (E.D. Pa. Jan. 19, 2011) ("Plaintiff should be given an opportunity to support this claim, and as such, we find it premature to dismiss Plaintiff's punitive damages claim at this [12(b)(6)] juncture."); *Boyer v. Clearfield Cnty. Indus. Dev. Auth.*, No. 3:19-cv-152, 2021 WL 2402005, at *23 (W.D. Pa. June 11, 2021) ("[R]esolution of the question of whether [the defendant's] conduct was willful, wanton or reckless, and outrageous enough to warrant an award of punitive damages, is premature at this stage of the litigation. Accordingly, [the defendant's] motion to dismiss the punitive damages allegations of the [second amended complaint] will be denied.").

But even setting aside courts' well-founded hesitancy to dismiss a plaintiff's request for punitive damages at this stage of the litigation as a general matter, the Court finds that Plaintiffs' Complaint contains allegations sufficient to defeat Honda's Motion. "In general, courts decline to dismiss punitive damages claims where . . . the plaintiff has alleged recklessness or an evil motive." *Binns v. Torsella*, No. 1:20-cv-00925, 2022 WL 21757072, at *12 (M.D. Pa. Jan. 13, 2022) (internal quotations omitted); *see also Harvell v. Brumberger*, No. 3:19-cv-2124, 2020 WL 6947693, at *8 (M.D. Pa. Nov. 4, 2020) ("As a general rule, the courts have deemed such motions to dismiss punitive damages claims to be premature and inappropriate where, as here, the complaint alleges reckless conduct.").

Here, Plaintiffs allege reckless conduct on behalf of Honda throughout their Complaint. By way of example, the Complaint alleges that Honda "recklessly disregarded its duty to consumers in a conscious disregard of, or indifference to," the risk that selling vehicles Honda knew or had reason to know were dangerous "created a high degree of risk of physical harm[.]" (ECF No. 1 ¶ 108). The Complaint also avers that Honda's "business practice of selling products, such as the subject [vehicle] . . ., which it knew were dangerous and bore a substantial risk of

causing and/or exacerbating injuries to the users of these products was more than mere inadvertence and arose to the level of reckless conduct." (*Id.* ¶ 109).

Moreover, Plaintiffs support their general allegations of recklessness with specific averments that Honda knew that: (1) its vehicles were involved in accidents leading to injury where those involved alleged that the "defective conditions of said products" caused or exacerbated their injuries; (2) a "number of these claims involved rear-impact collisions" and "allegations of defective seat back designs" or "allegations that the front seats of said Honda vehicles had excessively bent and/or broken rearward"; and (3) some of Honda's vehicles "had not been subjected to proper and/or adequate quality control processes and/or pre-sale testing[.]" (*Id.* ¶¶ 100–01, 103). The Complaint also explicitly avers that the aforementioned claims of injury and defect "had been communicated to" Honda. (*Id.*   ¶ 106). "Nonetheless[,]" the Complaint contends, despite its knowledge of the facts just outlined, Honda "recklessly disregarded its duty to its consumers in a conscious disregard of" the risk posed by its allegedly defective vehicles by selling its "automobiles to unsuspecting buyers who were unaware of the defective conditions of their front seats[.]" (*Id.* ¶¶ 107–08).[6]

Therefore, because Plaintiffs' Complaint contains numerous allegations that Honda engaged in reckless conduct, Honda's Motion to Dismiss Plaintiffs' punitive damages claims will

---

[6] The Court notes—without making any determination or suggestion as to the meritoriousness of any of Plaintiffs' claims—that these factual allegations generally comport with the definition of recklessness under Pennsylvania law. *See Phillips v. Cricket Lighters*, 803 A.2d 439, 445 (Pa. 2005) ("A defendant acts recklessly when his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent.") (internal quotations and citations omitted); *Tayar v. Camelback Ski Corp.*, 47 A.3d 1190, 1200 (Pa. 2012) ("Recklessness is distinguishable from negligence on the basis that recklessness requires conscious action or inaction which creates a substantial risk of harm to others, whereas negligence suggests unconscious inadvertence.").

be denied. *See, e.g., Shelton v. Gure*, No. 3:19-cv-0843, 2019 WL 4168868, at *5 (M.D. Pa. Sept. 3, 2019) ("At this [motion-to-dismiss] stage in the litigation, . . . Plaintiffs' allegations of recklessness are sufficient. As a result, Plaintiffs' request for punitive damages will not be dismissed."); *Goodfellow v. Camp Netimus, Inc.*, No. 3:16-CV-1521, 2017 WL 1738398, at *28 (M.D. Pa. May 4, 2017) ("The court finds that the plaintiffs' allegations of reckless[ness] in their amended complaint would be enough to state a 'plausible' claim for punitive damages under Pennsylvania law.").

### C.   Honda's Request to "Dismiss" Fourteen Select Paragraphs of Plaintiffs' Complaint

Finally, Honda "moves for dismissal of the nonspecific and insufficient allegations contained in Plaintiffs' Complaint at paragraphs 93(o), (p), (u), (v), (aa), (ac), (ae) and 146(o), (p), (v), (aa), (ac), [and] (ah)[.]" (ECF No. 8 ¶ 2). As Honda notes, these two sets of seven paragraphs are "identical[.]" (*Id.* at 10). Paragraph 93, and its subparagraphs delineated by letters, come under Plaintiffs' "Negligence, Recklessness, Willful and/or Wanton Conduct" claim asserted against Honda at Count I. (ECF No. 1 at 14). Whereas paragraph 146 and its subparagraphs come under an identically titled claim against HDMA at Count V. (*Id.* at 30).[7]

The subparagraphs Honda seeks to dismiss under Count I, which are identically included under Count V, are as follows:

> This Defendant was negligent, grossly negligent, careless, and/or reckless in the following particulars: . . .
>
> o. In selling, designing, manufacturing, importing, and/or distributing a Honda Fit automobile that utilized and/or incorporated defective head restraints;

---

[7] The Court again notes that HDMA is no longer a party to this litigation. (ECF No. 15). But Defendants filed their Motion to Dismiss nearly three weeks before the parties stipulated to HDMA's dismissal. (ECF Nos. 8, 14).

p. In selling, designing, manufacturing, importing and/or distributing a Honda Fit automobile that is not crashworthy; . . .

u. In failing to warn of the dangers of the Honda Fit automobiles that it sold;

v. In failing to properly instruct users of Honda Fit automobiles of the safest location to place a rear-seated, minor occupant; . . .

aa. In failing to guard against reasonably identifiable hazards associated with the operation of the subject vehicle; . . .

ac. In failing to assure that the subject Honda Fit had proper labels, instructions, and/or warnings; . . .

ae. In failing to assure that the subject Honda Fit was safe and appropriate for its intended uses and/or reasonably anticipated uses.

(ECF No. 1 ¶ 93).

Honda argues that the allegations contained in these paragraphs "do[] not allege[] sufficient facts as required under the Federal Rules." (ECF No. 8 ¶ 2). "Given that [these] averments contain nothing more than conclusory and formalistic allegations of Honda's alleged misdoing," Honda contends, "these [] averments fail to state a claim upon which relief may be granted and should be dismissed with prejudice." (*Id.* at 11). The thrust of Honda's argument is that these "allegations do not meet the plausibility standard applicable to pleadings in federal court." (*Id.* at 10).

Plaintiffs respond by arguing that the "plausibility standard applies to *claims* and whether the same are plausibly supported by the averments contained within a challenged pleading." (ECF No. 13 at 16) (emphasis in original). Plaintiffs further emphasize that "[t]he paragraphs" Honda "seek[s] to challenge are not separate claims[,]" but are instead "averments which set forth and substantiate" the Plaintiffs' allegations that Honda was negligent and/or reckless. (*Id.*).

The Court notes that Honda's Motion to Dismiss particular paragraphs of Plaintiffs' Complaint because they are too conclusory or insufficient to state a claim appears to misapprehend the function of a 12(b)(6) motion. Were Honda to move to dismiss the negligence claims asserted against it—or any other claim, for that matter—the Court would be required to "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012). In other words, courts generally do not dismiss specific paragraphs of a complaint as conclusory or insufficient on a motion to dismiss; instead, courts ignore conclusory allegations in analyzing whether, on the whole, the complaint is sufficient to plausibly state a claim upon which relief can be granted. *See Argueta v. United States Immigration & Customs Enforcement*, 643 F.3d 60, 74 (3d Cir. 2011) ("[C]ourts must determine whether the complaint *as a whole* contains sufficient factual matter to state a facially plausible claim[.]") (emphasis added).

Moreover, Honda is effectively moving to dismiss fourteen select paragraphs of Plaintiffs' "Negligence, Recklessness, Willful and/or Wanton Conduct" claims, which consist of over two hundred paragraphs of allegations, including sub-paragraphs like the ones Honda targets. Honda, therefore, is not moving to dismiss a claim, as contemplated by the usual 12(b)(6) motion, but a small sliver of the allegations that constitute particular claims in Plaintiffs' Complaint. *See* Fed. R. Civ. P. 12(b)(6) (allowing a party to move to dismiss for "failure to state a *claim* upon which relief can be granted") (emphasis added). Again, this request misses the mark.

In *Hamilton v. SEPTA*, for example, the defendant moved to "dismiss the claims that [were] 'based on'" particular paragraphs of the plaintiff's complaint. No. 12-cv-0804, 2012 WL 3599380, at *5 (E.D. Pa. Aug. 21, 2012). The court, however, denied the defendant's motion to

dismiss because the complaint did "not assert any claims that are based on those paragraphs alone." *Id.* Instead, the plaintiff brought claims "that [were] based on [the defendant's] conduct in its entirety." *Id.*

The same holds true here. As alluded to above, the fourteen paragraphs Honda moves to dismiss from the Complaint do not constitute claims. The Plaintiffs, rather, assert claims sounding in negligence—along with a variety of other claims—based on Honda's conduct in its entirety as alleged in hundreds of paragraphs throughout the Complaint—not solely the conduct alleged in those fourteen select paragraphs. *See Meadows v. SEPTA*, No. 16-cv-2074, 2016 WL 6495127, at *8 n.3 (E.D. Pa. Nov. 2, 2016) (denying the defendant's motion to dismiss paragraphs of the plaintiff's complaint because those "paragraphs relate[d] to Counts . . . on which defendants do not move for dismissal").

Therefore, the Court will deny Honda's Motion to Dismiss these fourteen paragraphs of Plaintiffs' Complaint pursuant to Rule 12(b)(6). [8] To the extent Honda desires to move to dismiss

---

[8] Although the Court need not and does not reach the merits of Honda's Motion to Dismiss these fourteen paragraphs of Plaintiffs' Complaint under a Rule 12(b)(6) standard for the reasons explained in text, the Court notes that Honda's argument that these paragraphs "lack any factual specificity" and therefore "do not meet the plausibility standard applicable to pleadings in federal court" is misguided. For example, Honda moves to dismiss identical paragraphs 93(p) and 146(p), which both allege that Honda was negligent and/or reckless in "selling, designing, manufacturing, importing, and/or distributing a Honda Fit automobile that was not crashworthy[.]" (ECF No. 1 ¶ 93(p)). While these paragraphs, viewed in isolation, may appear conclusory, the allegation that Honda produced a non-crashworthy vehicle is informed by allegations elsewhere in the Complaint that: (1) the subject vehicle's seat back collapsed rearward on impact, (2) Honda sold the subject vehicle with front seats that could fail and break rearward during rear-impact, (3) the subject vehicle was inadequate to perform the tasks for which it was intended to be used, and (4) the subject vehicle was "not crashworthy since its design failed to prevent, enhanced, and/or increased the severity of the injuries sustained by its occupants in the event of a foreseeable rear-impact[,]" among other allegations. (ECF No. 1 ¶¶ 66, 93(a), 93(b), 93(e)). Again, the Court must analyze the plausibility of a claim or claims based on the entirety of the allegations contained in the Complaint.

any claim or claims asserted against it wholesale, Honda may do so by re-filing a 12(b)(6) motion to that effect.[9]

### 1.   Construing Honda's Motion as a Motion to Strike

Traditionally, when a party requests the removal of particular paragraphs from a plaintiff's complaint, the party does so by way of a Rule 12(f) motion to strike. *See, e.g., Deltondo v. Sch. Dist. of Pittsburgh*, No. 2:22-CV-350, 2023 WL 2876812, at *2 (W.D. Pa. Jan. 30, 2023) ("Defendants move to strike multiple paragraphs and language from [the plaintiff's] Amended Complaint" pursuant to Rule 12(f)); *Philips N.V. v. Thales Dis MS United States LLC*, No. 20-CV-1709, 2023 WL 5650621, at *15 (D. Del. Aug. 31, 2023) ("[Defendant] asks me to strike paragraphs 132-142 of the second amended complaint pursuant to Rule 12(f)."); *Byers v. Finishing Sys., Inc.*, No. 1:20-CV-02110, 2022 WL 1557264, at *28 (M.D. Pa. May 17, 2022) ("[Defendant] moves to strike certain paragraphs of Plaintiffs' amended complaint pursuant to Federal Rule of Civil Procedure 12(f).").

Thus, the Court will construe Honda's Motion to Dismiss these fourteen paragraphs from Plaintiffs' Complaint as a Motion to Strike those paragraphs. *See Hamilton*, 2012 WL 3599380 at *5 (construing the defendants request to "dismiss" claims in "paragraphs 10 through 17" as "a motion to strike paragraphs 10 through 17 pursuant to Rule 12(f)"). Under Rule 12(f), "[t]he [C]ourt may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

---

[9] As the Court indicates later in this Opinion, the Court will dismiss Honda's Motion without prejudice.

"Partly because of the practical difficulty of deciding cases without a factual record, it is well established that striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *N. Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994). On that score, the Court must be "mindful of the admonition that motions to strike under Rule 12(f) are highly disfavored." *Hadek Protective Sys. B.V. v. Ergon Asphalt & Emulsions, Inc.*, No. 2:22-cv-01421, 2023 WL 7002567, at *12 (W.D. Pa. Oct. 24, 2023); *see also Wilson v. Am. Gen. Fin., Inc.*, 807 F. Supp. 2d 291, 305 (W.D. Pa. 2011). Moreover, "[d]istrict courts possess great discretion in disposing of a motion to strike." *Wirt v. Bon-Ton Stores, Inc.*, 134 F. Supp. 3d 852, 857 (M.D. Pa. 2015).

Honda makes no argument indicating that it perceives the specific paragraphs it seeks to "dismiss" as redundant, impertinent, or scandalous. But Honda does appear to argue briefly towards immateriality by averring that these paragraphs "do not comport with any viable claim under Pennsylvania law." (ECF No. 13 ¶ 18). To the extent Honda intends to argue that the Court should strike these paragraphs pursuant to Rule 12(f) on that basis, the Court disagrees.

"Immaterial matter is that which has no essential or important relationship to the claim for relief." *Zaloga v. Provident Life and Accident Ins. Co.*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009). The claims for relief at issue here are Plaintiffs' "Negligence, Recklessness, Willful and/or Wanton Conduct" claims, as the paragraphs Honda seeks to "dismiss" fall under those Counts. As previously explained, these Counts are fundamentally negligence claims. Under Pennsylvania law:

> A cause of action in negligence requires a showing of four elements: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the

defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage.

*Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011).

Plaintiffs' Complaint squarely alleges that Honda "had a duty to exercise due care and the ordinary, reasonable and technical skill and competence that is required of a designer, developer, [or] manufacturer" of an automobile, including the duty to design and manufacture "products free from defects" that are safe for their intended use. (ECF No. 1 ¶ 92). This allegation goes towards negligence's first element.

The fourteen paragraphs Honda seeks to "dismiss"—which allege that Honda made vehicles that were defective and uncrashworthy, and that Honda failed to properly label the vehicles it produced and instruct and warn consumers of potential dangers—would go towards the second element of Plaintiffs' negligence claims and would inform Plaintiffs' allegation that Honda "disregarded its duty to its consumers[.]" (*Id.* ¶ 108).[10] The Court therefore cannot conclude that the paragraphs Honda seeks to "dismiss" from Plaintiffs' Complaint are immaterial such that they have "no essential or important relationship to the claim for relief." *Zaloga*, 671 F. Supp. 2d at 633. To the extent Honda intends its request as one sounding in a Rule 12(f) motion to strike, the Court will deny such a request.

### 2.    Construing Honda's Motion as a Motion for a More Definite Statement

Another argument Honda launches in its Motion appears to invoke another subsection of Rule 12. Honda argues that the paragraphs it seeks to "dismiss" are "so broad and so vague that

---

[10] The Court emphasizes that it is not making any determination or suggestion as to the meritoriousness of any of Plaintiffs' claims.

no answer or response can be made, nor do they allow Honda to make a proper defense." (ECF No. 8 at 11). This argument seems to track a Rule 12(e) motion for a more definite statement, which a party may file when a "statement of a pleading" is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Miller v. Atl. Freight Sys.*, No. 11-cv-01954, 2013 WL 1308235, at *3 (M.D. Pa. Jan. 29, 2013) (citing *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006)) (explaining that the Third Circuit has "highlighted the usefulness of a motion for a more definite statement when a complaint does not disclose the facts underlying a plaintiff's claim for relief such that the defendant cannot reasonably be expected to frame a proper, fact-specific defense"). In the interest of thoroughness, the Court will alternatively interpret Honda's Motion with respect to the identified fourteen paragraphs of Plaintiffs' Complaint as a motion for a more definite statement.

Such motions are granted in "rare case[s,]" *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967), and only "when a pleading is so unintelligible or ambiguous that the movant cannot prepare a response—even a simple denial—without incurring potential prejudice." *Spano v. Ohio Hospice & Palliative Care*, No. 2:17-CV-717, 2019 WL 2613430, at *5 (W.D. Pa. June 26, 2019). As with a motion to strike, motions for a more definite statement "are generally disfavored[,]" and whether to grant such a motion is "'committed to the discretion of the district' court." *Guy v. Eliwa*, No. 4:23-CV-00412, 2023 WL 5916468, at *4 (M.D. Pa. Sept. 11, 2023) (quoting *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008)).

Here, the Court finds that the fourteen paragraphs Honda targets are not so unintelligible or ambiguous so as to preclude Honda from filing a response. Indeed, these fourteen paragraphs sqaurely allege several failures and improper actions on behalf of Honda that inform Plaintiffs'

negligence claims. While some paragraphs may appear conclusory in isolation, as previously explained, those paragraphs are generally informed by more specific factual allegations throughout the Complaint.

Accordingly, because the Court finds that these fourteen paragraphs are sufficient to allow Honda to respond without incurring prejudice, the Court will deny Honda's Motion to the extent Honda intended to invoke Rule 12(e)'s principle that a party may move for a more definite statement.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

C.M., *a minor, by and through his parent*
*and natural guardian,* MATT
MCMILLEN, MATT MCMILLEN *in his*
*own right,* MELODY MCMILLEN, and
JAMEY MCMILLEN,

        Plaintiffs,

        v.

AMERICAN HONDA MOTOR CO.,

        Defendant,

        v.

DAWN MARIE ELENSKY and
HARRY C. FISHER

        Third Party
        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. 3:23-cv-00119

JUDGE KIM R. GIBSON

## ORDER

AND NOW, this ˍˍˍˍˍ day of March, 2024, for the reasons set forth in the accompanying

Memorandum Opinion, it is **HEREBY ORDERED** that Defendants' Motion to Dismiss pursuant

to Rule 12(b)(6) at ECF No. 8 is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHERED ORDERED** that, to the extent Honda intends its request to dismiss particular paragraphs of Plaintiffs' Complaint as a Rule 12(f) motion to strike, such a motion is **DENIED WITH PREJUDICE.** To the extent Honda intends that request as a Rule 12(e) motion for a more definite statement, such a motion is likewise **DENIED WITH PREJUDICE.**

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**